IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| LISA BEEKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-CV-3079MWB |
| | ) | |
| v. | ) | |
| | ) | |
| NESTLE PURINA PETCARE COMPANY | ) ) | COMPLAINT AND JURY DEMAND |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff Lisa Beekman, by and through his attorneys, and for her cause of action hereby states the following:

## INTRODUCTION

1. This is an action under the Family Medical Leave Act and a common-law cause of action for wrongful discharge in violation of public policy, challenging the illegal employment practices directed at the Plaintiff by the Defendant.

2. The well-defined public policy that has been violated is contained within the provisions of Chapter 85 of the Iowa Code and has been developed through common law.

3. Plaintiff Lisa Beekman is a resident and citizen of Fort Dodge, Iowa.

4. Defendant Nestle Purina Petcare Company is a Missouri corporation doing business in Iowa.

5. The acts of which Plaintiff complains occurred in Fort Dodge, Webster County, Iowa.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1332.

7.      The parties are residents of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Venue is appropriate in this District under 28 U.S.C. Section 1391(a) and (c).

## FACTUAL BACKGROUND

9.      On approximately April 2001, Plaintiff was hired by Defendant in production.

10.     During her tenure with the company, Plaintiff filed claims for worker's compensation for injuries.

11.     Plaintiff injured her back in approximately May 2005.

12.     Her doctor put her on lifting restrictions and limited her to working 40 hours a week.

13.     On November 5, 2005, Plaintiff slipped and re-injured her back.

14.     Mary Crimmons, in human resources, told Plaintiff that her lifting restriction had been lifted by a nurse.

15.     Plaintiff was not told by her doctor or given new lifting restriction documentation indicating her restrictions had been lifted.

16.     On November 19 and 20, 2005, Defendant required employees to work hours on the weekend.

17.     Plaintiff was not told she was supposed to work those hours.

18.     If Plaintiff would have worked the hours required on November 19 and 20, 2005, she would have violated her doctor's orders by working over 40 hours a week.

19. Defendant charged her with absences for missing November 19 and 20, 2005.

20. Plaintiff also was taking intermittent FMLA to help care for her daughter who had been bitten by a dog.

21. In May 2005, Plaintiff was denied personal FMLA, which she had applied for as a result of having surgery.

22. Defendant has a point system for attendance.

23. Plaintiff was assessed points for missing work due to her surgery when she should have been allowed to take FMLA.

24. Plaintiff was assessed points for missing work when she was complying with her doctor's restrictions.

25. Defendant used the point system in order to justify Plaintiff's termination.

26. Defendant should not have charged Plaintiff points for missing work because of her medical restrictions due to her worker's compensation claim or the time she missed that was a qualifying FMLA event.

27. Defendant terminated Plaintiff in violation of the FMLA and the Worker's Compensation Act.

28. Plaintiff was terminated on November 22, 2007.

## COUNT I
### Wrongful Discharge in Violation of Public Policy

29. Plaintiff repleads the allegations of paragraphs 1 through 28 above as if fully set forth herein.

30. Plaintiff filed claims for workers' compensation benefits.

31. Defendant terminated the Plaintiff because she pursued workers' compensation claims in violation of the public policy of the State of Iowa Chapter 85.

32. The Defendant acted intentionally, maliciously and/or with reckless indifference to the rights of the Plaintiff and knew or should have known that its actions were illegal, and, therefore, Plaintiff is entitled to punitive damages.

33. As a proximate cause of the Plaintiff's discharge by the Defendant, the Plaintiff has been damaged. Specifically, she has suffered lost wages, emotional and mental anguish, humiliation, embarrassment, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment against the Defendant and award damages, including damages for lost wages, emotional distress, mental anguish, compensatory relief, punitive damages and court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable under the circumstances.

**COUNT II**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

34. Plaintiff repleads paragraphs 1 through 33 as if fully set forth herein.

35. At all times material to this case, Defendant was an "employer" within the meaning of the Family and Medical Leave Act.

36. At all times material to this case, Plaintiff was an "eligible employee" within the meaning of the Family and Medical Leave Act.

37. Plaintiff's surgery was a "serious health condition" within the meaning of the Family and Medical Leave Act.

38. Plaintiff was entitled to a leave of absence during her employment pursuant to her rights under the Family and Medical Leave Act.

4

39. Plaintiff took a leave of absence due to her serious health condition.

40. Defendant interfered with Plaintiff's right to take leave under the Family and Medical Leave Act.

41. Defendant failed to restore Plaintiff to the status or position she held when her leave commenced.

42. Defendant failed to restore Plaintiff to an equivalent status or position with equivalent employment benefits, pay, and other terms and conditions of employment as the position she held when her leave commenced.

43. Defendant discriminated against Plaintiff and fired Plaintiff for exercising her rights under the Family and Medical Leave Act.

44. As a proximate result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including but not limited to medical expenses; lost wages, benefits, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for liquidated damages, for interest as allowed by law, for attorneys' fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Family and Medical Leave Act.

## JURY DEMAND

COMES NOW the Plaintiff and hereby requests a trial by jury in the above-captioned matter.

Respectfully Submitted,

FIEDLER & NEWKIRK, P.L.C.

____*/s/ Jill M. Zwagerman*_____
Thomas Newkirk  PK 1015132
tnewkirk@fiedlernewkirk.com
Jill M. Zwagerman     PK 3122317
jzwagerman@fiedlernewkirk.com
2900 – 100th Street, Suite 209
Urbandale, IA 50322
Telephone:  (515) 254-1999
Fax:  (515) 254-9923
ATTORNEYS FOR PLAINTIFF